Dear Mayor Harris:
This office is in receipt of your opinion request wherein you presented a series of questions regarding your authority to terminate the City Clerk. It is our understanding that the city clerk is now the Chief Administrative Officer (CAO) operates under a new Home Rule Charter and the City Clerk had been appointed under the old charter. Specifically, you seek an opinion of the following questions:
 Can the CAO be terminated and someone else appointed to the position? Or, is the Mayor required to keep her for the remainder of the term?
If she can be terminated, can she be terminated at will? Or, is probable cause necessary?
If terminated, the Mayor has to nominate another person as CAO. If the council does not approve my nomination, can they force me to reinstate the former CAO after the Mayor has terminated her?
 To your letter of request you attached a copy of the new Home Rule Charter for the City of Franklin. This office is of the opinion that these issues are addressed in the contents of the charter, specifically sections 4-10 and 8-10. Section 4-10 allows all city offices in existence on the charter's effective date to continue until or unless the council adopts a reorganization plan. Section 8-10 of the charter allows the incumbent mayor and city council members to remain in office and continue to serve until officials elected under its provisions assume office. Once the charter becomes effective, the incumbent mayor and council must function in accordance with the provisions of the charter while in office.
When the charter became effective on August 4, 2004, the City Clerk, along with the office's four year term, were abolished with the creation of the CAO. With there being a vacancy in the CAO position, the new mayor, under the charter, has the option to maintain the City Clerk as the new Chief Administrative Officer or appoint a new CAO at will. If the council does not approve the mayor's nomination for CAO, there is nothing in the charter or in the statutes that compel the mayor to reinstate the former City Clerk to the CAO position.
It is our hope that this opinion has provided you with the necessary law and information to sufficiently address your concerns. If our office may be of further assistance, please do not hesitate to contact us.
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
By: ___________________________
 Charles H. Braud Jr. Assistant Attorney General
CCF, Jr./CHB, Jr./sfj